Good morning, and may it please the Court, my name is Rene Valladares. I represent Mr. Morales-Perez, and I would like to reserve two minutes for rebuttal. You may do so, Counsel. Just watch the clock. Yes, Your Honor, absolutely. Our position, or rather, my request for relief in this case is very modest. What we're asking is that the Court remand this case with instructions that the district court conduct a modified categorical analysis as to whether Mr. Morales-Perez prior 11351.5 conviction classified or qualified, rather, under the modified categorical analysis. The court, the district court, did not do that. Instead, the court found that 11351.5 qualified facially under Taylor as a drug-trafficking offense. Counsel, I understand your theory is that there are two possible ways to interpret that statute. Could you just kind of bring us or take us through the each of the two options that you suggest are there? Yes. As the Court has said, our position is that you have two different forms of violating the statute, one being a possession for sale, the second option being purchase for sale. Now, drug-trafficking offense is defined under the guidelines, under the application note to the guidelines, very specifically and very inclusively. Essentially, the guideline defines five ways of or five offenses that rather would be qualifiers as well as the possession with intent to commit those five different violations. That, again, is very specific and very inclusive. And it does not include purchase. It does not include purchase. In addition to that, it is an addition to what we have, for instance, possession with intent to sell or to distribute, rather, as being a qualifying offense. Now, possession obviously requires possession of the narcotics in either its actual or constructive manner. However, the California jury instruction that applies in this case, that being 12.1 clearly treats both as being separate, as being very different, and requiring very different elements to be proven. For the possession prong of it, what an individual must have, or what they or the government, the State must prove, rather, is that the person exercised control over or the right to control the substance. For the purchase prong, on the other hand, what the State must prove is that the individual purchased from another. There is no mention as to the possession prong of or the possession of the narcotics. There are two different ways of proving it under the California jury instruction. And it's very clear. The government cites three cases for a proposition that California courts have required possession in dealing with 11351.5. Those cases are In Re Christopher, the Consuegra case, as well as the Parra case. However, all those three cases are cases that were handled under the possession prong of 11351.5. All those three cases involve clear possession. In In Re Christopher, the individual, for instance, had the narcotics in, basically, his belt. And when approached by the police officers, he discarded the narcotics. In the Consuegra case, the court made, the California court made very specific findings that Mr. Consuegra was, in fact, in possession of the narcotics. Now, in this case, in the Consuegra case, the possession was not of the actual kind. It was of the constructive kind. But again, the court went through a whole list of ways in which possession was established, that the evidence supported that finding. Yes, sir. Assuming that I accept your argument and that we must remand for the proper modified categorical analysis on an open record, as I think we said in Corona-Sanchez, in this post-Booker fan-fan world, can the district, does the district court's analysis change any because the guidelines are now discretionary and not mandatory? To put my question a different way, is it easier now for the district court to look at a rap sheet of a defendant without having to get too hung up over questions of whether or not there would be a 16-level increase versus a 2- or a 4-level increase because it's now all subject to this general standard of reasonableness in fashioning an appropriate sentence? Yes, Your Honor. My answer to that is that no, the court cannot simply go ahead and do that. Obviously, now, the guidelines post-Booker are simply advisory. Nonetheless, the guidelines are still, and this is very clear from Booker as well as essentially all the other cases that have followed from this circuit as well as other circuits, is that the guidelines are still the point of departure. The court essentially has to start with the guidelines in examining the propriety of the sentence. So your argument would be that if the district court failed to conduct what I'll call a formal modified categorical analysis on remand and chose to impose whatever the sentence is between zero and the statutory maximum for the punishment, that that would be an unreasonable sentence? Indeed, Your Honor. I think it would be an analytically it would be an unreasonable sentence as, again, I think that the proper point of departure is the sentencing guidelines themselves. Obviously, that is just simply one of the factors that the court must look at. But, nonetheless, it is certainly an important map. This is getting us a little bit off, but I realize this is in kind of a gray area of uncharted water post-Booker, but what's your best case to support the proposition that you just stated? Yes, Your Honor. I think that it would be Booker itself. Booker itself basically still emphasizing the emphasizes the importance of the guidelines. And it states that the guidelines, obviously, while rather advisory, they are still certainly relevant, and they definitely play a critical portion in the analysis of the court. That is very important, Your Honor, if I may, also, in a situation such as this one, where the increase in the guidelines is so huge. Here we had an increase of the guidelines that is basically 16 levels. So it is a significant increase in the guidelines over what it would be a sentence without that increase. A sentence without that increase could even be 27 to 33 months, that being about 50 months less than what Mr. Morales-Perez received. I see that at this point, I might, two minutes if I may. You may do so, counsel. Thank you, sir. Counsel. Good morning. May it please the Court. I'm Robert Bork with the United States Attorney's Office in Nevada. I think ultimately this focus, the Court, has to be on how California has interpreted this statute. I agree with counsel that the cases I've cited, and I've not found any cases, and I'm sure if counsel had, he would have brought them to your attention, that actually dealt with a fact pattern where there was a purchase. So I think we're left with the model instructions that are mentioned here, CALGIC at 12.01. And I think they're instructive because those instructions, as they go through them, have areas that are clearly discretionary depending on the charge and that appear to be required to be given in every case where a charge is made under 11351 or related statutes. And why that's important is, is that although in the provisions you can alternate between somebody's charge of possession or purchase, there are two definitions of actual and constructive possession contained in that during instruction. And actually, this is found at the addendum of the Fenton's brief, page 4. And those two definitions, one of actual possession and one of constructive possession, are not bracketed. They are similar to the later instructions concerning the actual elements of the offense, which are only bracketed if you charge possession versus purchase. So I believe that way I read that is that a court is required in California, even if the charge is you purchased a drug, that instruction must include the definition of possession, actual or constructive, consistent with Federal law. And it means that a jury could not find a defendant guilty of purchase of a controlled substance under the statute unless they found at least constructive possession. If that --" Scalia, what about the question of trafficking? If the jury had been instructed that purchase for the purpose of resale would be a separate offense, then you'd have you'd cover that trafficking question. But just whether the possession is constructive or actual, possession, holding it in your hand, doesn't constitute trafficking. And how does it how do we get trafficking out of the jury verdict in this case? Well, again, we look to the judge could have a mini-trial and find out about why he purchased it and whether he was going to resell it. But they haven't had that mini-trial yet. They haven't found out why he purchased it. Well, I don't disagree that if the Court deems it appropriate to demand this for a modified categorical approach, that would be the analysis the Court would use. I'm just trying to argue that --" Didn't he get the extra points for trafficking? That's correct. Well, how do you get how do you get to trafficking from simple possession? Well, again, I look to the CalJIT instruction that's given, required to be given in California. The last element listed there is that the person, and let's say the person purchased the controlled substance with the specific intent to sell the same. So again, we have the required trafficking intent. Was that in the instruction in this case to the jury? Sir, none of those records are before the Court because the decision was made on the categorical approach, not on the modified categorical approach. But I'm arguing that if we look at the CalJIT ---- Well, how do you get around the Apprendi question? The fact has to be found by the by a proper fact-finding method. And a judge just reading it off the rap sheet or something doesn't satisfy Apprendi. Well, again, this was contained in the PSR. There was an objection. There was argument on this issue when the Court made its ruling under the categorical approach. And Apprendi, I think, doesn't come into play because Apprendi expressly excluded prior convictions for that kind of analysis, logically arguing that the conviction has already been through that analysis if the defendant suffered it in a jurisdiction of the United States which has due process. Is the government's position that this is really a collateral attack on the prior conviction and not a really a sentencing appeal? Because of the ---- No. I believe that they validly objected. I am arguing to this Court, though, that the district court made the proper decision because it appears under California law and the instructions that would be given under a charge in this case, whether it's called possession or purchase, requires that the jury find actual or constructive possession, and that if possession or purchase was for the intent to resell, those would fit the definitions of drug trafficking under Federal law, and therefore, the decision can be upheld. So you're saying there's no difference between purchase and possess? Is that the essence? It appears that California has decided not to make that difference when you look at the jury instruction, yes. I can only go by what their jury instructions require. There's no case that really discusses this question, is there? We couldn't find one. No, sir. I'm sure the counsel hasn't. And I have not found a case that talks about the closest we came was a footnote in the case, but that case deferred the issue, and there's been no decision I'm aware of, either published or unpublished, on this matter. Thank you. Thank you, counsel. Mr. Vallardez, you have some reserved time. Thank you, Your Honor. Your Honor, I would take strong issue with the government's interpretation of jury instruction 1201, and I invite the Court to read it. I think the plain meaning of the instruction as well as the structure belies the government's view that actual or constructive possession is stated here and required for either of the two prongs. However, if the Court reads the instruction, the part the government is reading, it's merely the definitional portion of that instruction. Essentially, the instruction basically, first of all, states the crime. Then it goes on to define what actual possession is, what constructive possession is, and then it goes on to define what actual possession is and what sale is. Then, after it finishes with the definitional portion, it goes on to state what are the elements of the — of how you prove either possession or how you prove purchase. And once we get to the elements, the first element is, is that a person either, A, exercised control over or the right to control or purchased from another an amount of a controlled substance. So it's very clear that there are two ways to go ahead and prove this. And as I said, our request is a very modest one. We simply want a remand with instructions that the Court conduct the proper modified categorical analysis. Thank you very much. Thank you, counsel. The case just argued will be submitted for decision.
judges: Goodwin, O'scannlain, Tallman